IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON LEE MEYERS, | No. C-09-0936 TEH (PR) |
|     Petitioner, | |
|     v. | ORDER OF DISMISSAL |
| SANTA RITA JAIL, et. al., | |
|     Respondents. | (Doc. #3) |

    Petitioner Leon Lee Meyers, a pretrial detainee housed at the Alameda County Jail, Santa Rita Facility, in Dublin, California, has filed a pro se Petition for Writ of Habeas Corpus using the standard court form for petitions filed under 28 U.S.C. section 2254, which the Court construes as a Petition for Writ of Habeas Corpus under 28 U.S.C. section 2241. Doc. #1. Petitioner also seeks leave to proceed in forma pauperis under 28 U.S.C. section 1915. Doc. #3.

    Petitioner alleges several claims in his Petition, including: (1) he was arrested without probable cause; (2) he was subjected to "vindictive prosecution;" (3) he received ineffective

1  assistance of counsel at his arraignment; and (4) he was denied his
2  right to a "speedy preliminary examination" under California Penal
3  Code section 859(b).
4        This Court may entertain a Petition for a Writ of Habeas
5  Corpus under 28 U.S.C. section 2241(c)(3) by a person who is in
6  custody but not yet convicted or sentenced.  See McNeely v. Blanas,
7  336 F.3d 822, 824 n.1 (9th Cir. 2003); Application of Floyd, 413 F.
8  Supp. 574, 576 (D. Nev. 1976).  Although there is no exhaustion
9  requirement for a petition brought under 28 U.S.C. section
10 2241(c)(3), principles of comity and federalism require that this
11 Court abstain and not entertain a pretrial habeas challenge unless
12 the petitioner shows that:  (1) he has exhausted available state
13 judicial remedies, and (2) "special circumstances" warrant federal
14 intervention.  Carden v. Montana, 626 F.2d 82, 83-84 (1980), cert.
15 denied, 449 U.S. 1014 (1980); see also Younger v. Harris, 401 U.S.
16 37, 43-54 (1971) (under principles of comity and federalism, a
17 federal court should not interfere with ongoing state criminal
18 proceedings by granting injunctive or declaratory relief absent
19 extraordinary circumstances).  The special circumstances that might
20 warrant federal habeas intervention before trial include proven
21 harassment, bad faith prosecutions and other extraordinary
22 circumstances where irreparable injury can be shown.  Carden, 626
23 F.2d at 84 (violation of Sixth Amendment right to a speedy trial not
24 alone an extraordinary circumstance).
25       Because Petitioner has not shown special circumstances
26 that warrant federal intervention before the trial is held and any

**2**

1  appeal is completed, this Court will abstain and DISMISS the
2  Petition without prejudice.  See Carden, 626 F.2d at 84.  The
3  alleged constitutional violations that Petitioner claims he is
4  enduring are matters that can and should be addressed in the first
5  instance by the trial court, and then by the state appellate courts,
6  before he seeks a federal writ of habeas corpus.

7  Petitioner is advised that he should not file a new
8  federal petition for writ of habeas corpus unless and until he gets
9  convicted, and then not until his direct appeal and state habeas
10 proceedings have concluded and he has given the state's highest
11 court a fair opportunity to rule on each of his claims.

12 Petitioner's application to proceed in forma pauperis
13 application (Doc. #3) is GRANTED.

14 The Clerk is directed to terminate any pending motions as
15 moot and close the file.

18 IT IS SO ORDERED.

21 DATED  06/16/09

THELTON E. HENDERSON
United States District Judge

26 G:\PRO-SE\TEH\HC.09\Meyers-09-0936-order of dismissal-abstention.wpd

3